Andrew W. Stavros (8615)
**STAVROS LAW P.C.**
11693 South 700 East, Suite 200
Draper, Utah 84020
Tel: (801) 758-7604
Fax: (801) 893-3573
Email: andy@stavroslaw.com

*Attorney for Plaintiff Dennis H. Nelson*

**IN THE UNITED STATES DISTRICT COURT IN AND FOR**

**THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| DENNIS H. NELSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LOGAN WEST MINING SUPPLY & SERVICE, LLC, a Utah limited liability company, and LOGAN CORPORATION, a West Virginia corporation, and DOW WAITE, an individual,<br><br>Defendants. | **COMPLAINT**<br><br>(JURY DEMAND)<br><br><br>Case No.:2:15-cv-00592-EJF<br><br>Judge: Furse_____ |

Plaintiff Dennis H. Nelson, by and through his undersigned attorneys, brings this complaint (the "Complaint) against the above-named Defendants and for causes of action alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1.   Plaintiff Dennis H. Nelson is a resident of Salt Lake County, Utah.

2.   Logan West Mining Supply & Service, LLC ("Logan "West") is a Utah limited

1

liability company doing business throughout Utah, with its headquarters in West Virginia.

3. Logan Corporation ("Logan Corp.") is a West Virginia corporation doing business throughout the United States, including Utah.

4. Logan West is part of an integrated enterprise with Logan Corp. in that the operations of the companies are interrelated, they share common management and control, including centralized control of personnel and common ownership and/or financial control between the entities.

5. At all times relevant to this Complaint, Nelson was an employee of Defendants Logan West and Logan Corp.

6. Defendant Don Waite is a resident of the State of Arizona.

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this case arises under federal law, specifically, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

8. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because Nelson's claims form part of the same case or controversy, and share common operative facts with his federal law claims.

9. Venue is proper in the Central District of Utah because the unlawful employment discrimination giving rise to Nelson's claims occurred in this District.

## FACTUAL ALLEGATIONS

10. Nelson is practicing member of the Church of Latter Day Saints and has closely held religious beliefs. At all times during his employment with Defendants, Nelson held and maintained these closely held religious beliefs.

11. Nelson started working for Defendant Logan Corp. in November, 2012.

12. Nelson was hired to open up Logan Corp.'s business in Colorado, Utah, Wyoming and Nevada.

13. Nelson was originally supervised by David Sullender. During such time, Mr. Nelson was continually praised for his performance. Because of Nelson's efforts, Logan hired three additional employees to cover the sales activity in Nelson's territory in the short time he worked for Logan Corp. and Logan West.

14. Mr. Sullender, however, was replaced by Defendant Dow Waite in or about July, 2014.

15. Upon meeting Nelson in July, 2014 at dinner for the first time, Mr. Waite asked Nelson in front of eight other attendees if he was Mormon. Nelson said yes and did not comment further.

16. The next day, Mr. Waite proceeded to take away all of Nelson's accounts, except five. That same day Waite told Nelson he "despised" Mormons. He then threatened Nelson that if his sales did not improve and Nelson's attitude did not change, Nelson would be terminated. Prior to this threat, Nelson had never been told his sales were low or that his attitude needed to improve.

17. Waite then told Nelson to only visit five of his accounts for the next thirty days, took accounts away from Nelson, and told him not to work on accounts he was developing. When Nelson sent his itinerary to Waite a few days later, he was told it was completely unacceptable and subject to a profanity laced attack.

18. Waite continued to harass Nelson thereafter. He was aggressively rude and

unprofessional with Nelson, repeatedly threatened to fire him and attempted to set him up for failure.

19.     From July through August, Nelson's sales were stronger than any other salesman in his group.  Nelson sold approximately $60,000 in items and had another $80,000 sale committed.

20.     However, on August 11, 2014 Nelson was terminated by Waite. When asked, Waite told Nelson it was for performance. However, Nelson's performance was better than all of the other employees.

21.     Nelson received no prior warning regarding his performance, and was not subjected to progressive discipline, which was the standard practice and procedure applicable to Logan West employees.

### FIRST CAUSE OF ACTION
*(Unlawful Discrimination and Discharge on the Basis of Religion in Violation of Title VII Against Logan Corp. and Logan West)*

22.     Nelson repeats and realleges the allegations set forth in Paragraphs 1 through 21 above as though fully set forth herein.

23.     Defendants' conduct as herein alleged violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), which makes unlawful discrimination against employees on the basis of religion.

24.     Defendants discriminated against Nelson in violation of Title VII when it treated him differently because of his religion and thereafter terminated him because of his religion.

25.     As a proximate result of Defendants' discriminatory actions, Nelson has suffered losses in compensation, including wages and benefit and earning capacity,  as well as

compensatory damages, including non-pecuniary losses for humiliation, mental anguish, and emotional distress and pain and suffering. As a result of those actions and consequent harms, Nelson has suffered such damages in an amount to be proved at trial.

26. Defendants' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Nelson, entitling Nelson to an award of punitive damages in amount deemed appropriate by the jury.

27. Accordingly, Nelson requests relief as described in the prayer for relief below.

## SECOND CAUSE OF ACTION
*(Unlawful Harassment on the Basis of Religion in Violation of Title VII Against Defendants Logan Corp. and Logan West)*

28. Nelson repeats and realleges the allegations set forth in Paragraphs 1 through 27 above as though fully set forth herein.

29. Title VII prohibits discrimination on the basis of s in the enjoyment of all benefits, privileges, terms and conditions of employment.

30. Defendants knew, or reasonably should have known, through its managers, that Waite engaging in the unlawful religious discrimination in violation of Title VII.

31. Defendants had a duty to maintain a workplace free from religious harassment.

32. Notwithstanding such duty, Defendants failed to take sufficient actions to maintain a workplace free from such harassment.

33. Defendants took tangible and adverse employment action against Nelson.

34. Defendants are absolutely liable for Waite's harassment of Nelson that culminated in such tangible and adverse employment action.

35. Defendants actions or inactions have directly and proximately caused Nelson substantial past and future economic loss, including lost wages, damage to his career and professional reputation, and extreme humiliation and pain and suffering, in an amount to be determined at trial, in addition to other compensatory damages.

36. Defendants' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Nelson, entitling Nelson to an award of punitive damages in amount deemed appropriate by the jury.

37. Accordingly, Nelson requests relief as described in the prayer for relief below.

## THIRD CAUSE OF ACTION
*(Breach of Implied Contract Against Defendant Logan West)*

38. Nelson incorporates the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

39. Defendant Logan West maintained a policy and practice of progressive discipline and its practice and course of conduct regarding the same created an implied-in-fact contract between it and Nelson.

40. Defendant Logan West breached the implied-in-fact contract it had with Nelson by failing to following its practice and policy with respect to Nelson and his termination of employment, including its policy of progressive discipline.

41. Nelson expected Logan West to enforce its own policy and practice, and Logan West knew or should have known that Nelson expected that such policy would be enforced with respect to his termination of employment.

42. Nelson fully performed his obligations under the implied-in-fact contract.

43. As a direct result of Defendant Logan West's material breach of the contract,

Nelson was deprived of his employment, and lost his job, suffered wage losses and lost income, including emotional distress and other compensatory damages, in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
*(Intentional Infliction of Emotional Distress Against Defendant Waite)*

44.     Nelson hereby incorporates as though restated each of the factual allegations set forth in the preceding paragraphs of the Complaint.

45.     In subjecting Nelson to harassment, and terminating because of his religion, Defendant Waite intentionally and recklessly engaged in intolerable and outrageous conduct that caused Nelson severe emotional distress.

46.     Any reasonable person would have known that taking such action would cause severe emotion distress.

47.     As a result of such outrageous conduct, Nelson has suffered and continues to suffer emotional distress.

48.     The conduct of Defendant Waite was willful and malicious and manifested a knowing and reckless indifference toward, and disregard of, Nelson's interests and rights and desire for continued employment.

49.     As a direct and proximate result of the intentional infliction of emotional distress, Nelson has suffered damages and is entitled to recover damages in an amount to be proved at trial, together with punitive damages, expenses and attorney's fees.

50.     Accordingly, Nelson requests relief as described in the prayer for relief below.

## FIFTH CAUSE OF ACTION
*(Tortious Interference with Existing and Prospective Economic Relations Against Defendant Waite)*

51. Nelson hereby incorporates as though restated each of the factual allegations set forth in the preceding paragraphs of the Complaint.

52. Through his unlawful harassment and discrimination toward Nelson and the falsification of the reasons for his termination, Defendant Waite's intentionally interfered with Nelson existing and prospective contractual and economic relations.

53. Waite has achieved this interference through improper means, namely by making false statements concerning Nelson's performance, defaming him and casting him in a false light, and discriminating against him and harassing him on the basis of his religion.

54. By these actions, Defendant Waite has injured Nelson by causing him to lose his job, a job that he successfully performed prior to the interference, and such other damages in an amount and nature to be proven at trial.

55. Accordingly, Nelson requests relief as described in the prayer for relief below.

## PRAYER FOR RELIEF

WHEREFORE, Nelson prays for judgment and relief against Defendants as follows:

1. For judgment in Nelson's favor and against Defendant Logan Corp and Logan West for discrimination and harassment on the basis of religion in violation of Title VII;

2. For judgment in Nelson's favor and against Defendant Logan West for breach of implied contract;

3. For judgment in Nelson's favor and against Defendant Waite for intentional infliction of emotional distress and interference with existing and prospective economic relations;

4. For an award of back pay and front pay (in lieu of reinstatement) against Defendants, and each of them, in an amount sufficient to make Nelson whole, as to be determined by proof at trial;

5. For an award of compensatory damages against Defendants, and each of them, in an amount to be determined by proof at trial, including damages for non-pecuniary losses for emotional distress, pain and suffering and humiliation and related damages;

6. For an award of punitive damages against each Defendant, in an amount to be determined by proof at trial;

7. For an award of reasonable attorney's fees and costs incurred in bringing this lawsuit, as allowed by law and as authorized under Title VII;

8. For an award of pre-judgment and post-judgment interest as allowed by law; and

9. For such other and further relief as the Court deems just and equitable.

DATED this 19th day of August, 2015.

/s/ **Andrew W. Stavros**
Andrew W. Stavros
STAVROS LAW P.C.
*Attorneys for Plaintiff*